**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE V. QUILLAR, | No. 14-15587 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02394-JAM-KJN |
| v. | |
| D. SHANKLAND, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Lee V. Quillar, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging denial of access

to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

and may affirm on any ground supported by the record. *Enlow v. Salem-Keizer*

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Quillar's access-to-courts claim because Quillar failed to raise a genuine dispute of material fact as to whether the alleged denial of his legal papers caused actual injury to a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires showing that the defendant's conduct caused actual injury to a non-frivolous legal claim).

We reject Quillar's argument that the district court erred in failing to consider his retaliation claim, as this claim was not before the district court on remand. We also reject Quillar's contention that the district court abused its discretion in failing to address his pending discovery motions, as no such motions were pending.

Quillar's request for judicial notice, filed on June 10, 2014, is denied.

Appellee's request for judicial notice, filed on December 31, 2014, is granted.

**AFFIRMED.**